# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 2, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| TRAMELLA HINTON, as general guardian of SHAWN'QUAVIOUS A'DREZ HINTON, | * * * * | UNPUBLISHED |
| Petitioner, | * * | No. 16-1140V |
| v. | * * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * * | Interim Attorneys' Fees and Costs. |
| Respondent. | * * | |
| * * * * * * * * * * * * | | |

<u>Bruce William Slane</u>, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.
<u>Zoe Wade</u>, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On September 14, 2016, Tramella Hinton ("Petitioner"), as the mother and natural guardian of Shawn'Quavious A'drez Hinton ("Shawn") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on December 21, 2015, Shawn suffered from the acute inflammatory demyelinating polyneuropathy ("AIDP") variant of Guillain-Barré Syndrome ("GBS"). Amended ("Am.") Petition at 1 (ECF No. 35).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On June 16, 2022, Petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorneys and paralegals who worked on her case. Petitioner's Interim Application for Attorneys' Fees and Costs ("Pet. Mot."), filed June 16, 2022 (ECF No. 242). Petitioner's request can be summarized as follows:

**Fees** – $149,136.00
**Costs** – $42,593.03
**Petitioner's Costs** – $655.01

Petitioner thus requests a total of $192,384.04. Respondent filed a response on June 16, 2022, stating that "[R]espondent defers to the Special Master as to whether [P]etitioner is entitled to an interim award of attorneys' fees and costs at this time." Respondent's Response to Pet. Mot. ("Resp. Response"), filed June 16, 2022, at 3 (ECF No. 243).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards **$184,927.24** in attorneys' fees and costs.

## I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorney's fees and costs is appropriate here where there are significant fees to be paid.

### A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Bruce W. Slane – Attorney**
    2016: $325.00
    2017: $335.00
    2018: $345.00
    2019: $355.00
    2020: $365.00
    2021: $375.00
    2022: $400.00

**Jimmy Zgheib – Attorney**
    2016: $215.00
    2017: $225.00

**AnnMarie Sayad – Attorney**
    2016: $215.00
    2017: $225.00

**Christian Martinez – Attorney**
    2017-2018: $200.00
    2019: $215.00

    2020: $225.00
    2021: $235.00
    2022: $265.00

**Jeremy Barberi – Attorney**
    2022: $345.00

**Paralegals/Law Clerks**
    2016: $140.00-$145.00
    2017-2019: $140.00-$148.00
    2020: $151.00-$163.00
    2021: $154.00-$172.00
    2022: $157.00-$177.00

    The undersigned finds that the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work.  See, e.g., Love v. Sec'y of Health & Hum. Servs., No. 18-1329V, 2022 WL 855531, at *2 (Fed. Cl. Spec. Mstr. Feb. 28, 2022) (awarding Mr. Slane's rates for 2017-2021 and Mr. Martinez's rates for 2018-2021); Gill v. Sec'y of Health & Hum. Servs., No. 19-1509V, 2022 WL 10510186 (Fed. Cl. Spec. Mstr. Sept. 9, 2022) (awarding the rates from 2017-2022 for Mr. Slane, Mr. Martinez, and the paralegals/law clerks); Dumas v. Sec'y of Health & Hum. Servs., No. 19-2007V, 2022 WL 2398803 (Fed. Cl. Spec. Mstr. May 31, 2022) (awarding Mr. Barberi's 2022 rate); Sotirhos v. Sec'y of Health & Hum. Servs., No. 17-290V, 2019 WL 410350, at *2 (Fed. Cl. Spec. Mstr. Jan. 16, 2019) (awarding Mr. Slane's rates for 2016-2018, Mr. Zgheib's rates for 2016-2017, Ms. Sayad's rates for 2016-2017, Mr. Martinez's rate for 2017-2018, and the paralegal and law clerk rates for 2016-2018).  The undersigned will therefore award the rates requested.

    The undersigned has reviewed the submitted billing entries and finds a small reduction necessary.  First, many of the entries for communication, including telephone calls and emails, do not contain enough specificity for the undersigned to determine their reasonableness.  For example, there are various entries for "TC to client" and "TC from client," without more detail and many of these entries occurred numerous times on the same days.  Second, various entries are for time completing administrative tasks, such as filing documents and reviewing CMECF notifications Petitioner just filed.  For example, in September 2016, Petitioner's firm billed for "prepare and file abbreviated petition," "prepare and file motion for subpoena," and "prepare and file motion for enlargement of time," and then billed for "receipt" and "review" of these filings.  Pet. Mot., Tab A at 16.  Counsel continued to bill for filing documents throughout litigation, with the last entry "prepare and file interim billing" dated June 10, 2022, and with most entries under the category "filing."  Id. at 135.  This is not a new issue to Mr. Slane.  See, e.g., Knapp v. Sec'y of Health & Hum. Servs., No. 17-764V, 2020 WL 6146577, at *2 (Fed. Cl. Spec. Mstr. Sept. 18, 2020); Johnson v. Sec'y of Health & Hum. Servs., No. 16-415V, 2020 WL 3496145, at *2 (Fed. Cl. Spec. Mstr. May 6, 2020).  Thus, the undersigned finds a 5% reduction in fees reasonable.  This results in a reduction of $7,456.80.[3]

---

[3] $149,136.00 x 0.05 = $7,456.80

4

B.     **Attorneys' Costs**

Petitioner requests $42,593.03 to cover miscellaneous expenses, including obtaining medical records, Fed Ex costs, the filing fee, and travel, and for work performed by Nancy J. Bond, M.Ed., CCM, CLCP at the Coordinating Center Medical Legal Services Division, neurologist Dr. Russ Bodner, and guardianship attorney Toni Morre Cameron, Esq.  Pet. Mot. Tab A at 137-45; Pet. Mot., Tab B.  The undersigned finds the expenses related to obtaining medical records, Fed Ex costs, the filing fee, and travel reasonable and well-documented, and will award them in full.

For work performed by Nancy J. Bond, M.Ed., CCM, CLCP at the Coordinating Center Medical Legal Services Division, Ms. Bond billed at a rate of $175.00 per hour for a total of $22,486.99.  Pet. Mot., Tab A at 137-45; Pet. Mot., Tab B at 58-59.  This rate has previously been found reasonable.  See Weir v. Sec'y of Health & Hum. Servs., No. 15-1491V, 2018 WL 5095156, *4 n.4 (Fed. Cl. Spec. Mstr. Sept. 11, 2018); Martin ex rel. K.M. v. Sec'y of Health & Hum. Servs., No. 16-318V, 2019 WL 625442, *4 (Fed. Cl. Spec. Mstr. Jan. 22, 2019).  Additionally, Respondent did not object to this rate.  See Resp. Response at 1-3.  Although the total amount billed is more than what is typically seen billed, and more than what the undersigned has seen in her experience, this is a very complex case with Ms. Bond's services spanning about three years.  Given this case's complexity, the undersigned finds this cost reasonable[4] and will award this cost in full.

Dr. Bodner billed 11.9 hours at a rate of $425.00 per hour for time spent reviewing medical records, correspondence, and preparing an independent medical examination.  Pet. Mot., Tab B at 197-98.  The undersigned finds Dr. Bodner's requested rate to be reasonable and the hours billed appropriate for the work he performed in this matter.  Thus, the undersigned compensates him in full.

Toni Moore Cameron, Esq. billed a total of $5,050.00 for 17.2 hours of time spent as the guardianship attorney at a rate of $250.00 per hour and 6 hours of travel at a rate of $125.00 per hour.  Pet. Mot., Tab B at 202-04.  The costs associated with this guardianship in this case are reasonable and in line with similar costs incurred in other cases.  See, e.g., Jubil v. Sec'y of Health & Hum. Servs., No. 19-1885V, 2022 WL 4592088, at *2 (Fed. Cl. Spec. Mstr. Sept. 7, 2022) (requesting $6,161.11 in costs related to establishing a guardianship); Glaser v. Sec'y of Health & Hum. Servs., No. 06-764V, 2016 WL 4483022, at *2 (Fed. Cl. Spec. Mstr. June 29, 2016) (awarding $8,329.05 for guardianship costs); Finet v. Sec'y of Health & Human Servs., No. 03-348V, 2011 WL 597792, at *3 (Fed. Cl. Spec. Mstr. Jan. 31, 2011) (awarding $7,440.00 for costs associated with establishing a guardianship).  Furthermore, Respondent did not object to these costs.  See Resp. Response at 1-3.  The undersigned finds these costs reasonable and will award them in full.

---

[4] The undersigned acknowledges that Ms. Bond's entries are often quite vague, and cautions Ms. Bond and counsel against the use of vague entries in future cases.

### C.   Petitioner's Costs

Petitioner requests $655.01 in costs incurred by Petitioner to cover milage to and from Dr. Alligood's deposition, the fact hearing, Dr. Bodner's medical examination, and Wake County Courthouse for the guardianship hearing, as well as the guardianship filing fee and a surety bond fee with Liberty Mutual Surety. Pet. Mot., Tab C. The undersigned finds these costs reasonable and well-documented, and will award them in full.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her attorneys as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 149,136.00 |
| Reduction of Attorneys' Fees: | - ($ 7,456.80) |
| Awarded Attorneys' Fees: | $ 141,679.20 |
| Requested Attorneys' Costs: | $ 42,593.03 |
| Awarded Attorneys' Costs: | $ 42,593.03 |
| Requested Petitioner's Costs: | $ 655.01 |
| Awarded Petitioner's Costs: | $ 655.01 |
| **Total Interim Attorneys' Fees and Costs:** | **$ 184,927.24** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $184,272.23, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Bruce Slane.**

**A lump sum in the amount of $655.01, representing reimbursement for reasonable costs, in the form of a check payable to Petitioner, Ms. Tramella Hinton.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.