# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 29, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| TRAMELLA HINTON, as general guardian of SHAWN'QUAVIOUS A'DREZ HINTON, | * * * | **PUBLISHED** |
| | * | |
| Petitioner, | * | No. 16-1140V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * | Decision Awarding Damages; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome |
| | * | ("GBS"); Pain and Suffering; Future Pain |
| Respondent. | * | and Suffering; Medicaid Lien. |
| | * | |
| * * * * * * * * * * * * * * | * | |

Bruce W. Slane, Law Office of Bruce W. Slane, White Plains, NY, for Petitioner.
Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

## I.     INTRODUCTION

On September 14, 2016, Tramella Hinton ("Petitioner"), as mother and natural guardian of Shawn'Quavious A'dres Hinton ("Shawn") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"),[2] 42 U.S.C. § 300aa-10 et seq. (2012).  Petitioner alleges that Shawn suffered Guillain-Barré Syndrome ("GBS") as a result of

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

an influenza ("flu") vaccine administered to him on December 21, 2015.  Amended Petition at 1 (ECF No. 35).  On May 29, 2018, a Ruling on Entitlement issued, finding Petitioner entitled to compensation.  Ruling on Entitlement dated May 29, 2018 (ECF No. 57).  This Decision awards compensation for Shawn's vaccine injury.

## II.    BACKGROUND

Since the Ruling on Entitlement issued, the parties have been unable to resolve damages.  Order dated Oct. 8, 2021 (ECF No. 209).  At issue was pain and suffering and the Medicaid lien amount.  Petitioner filed motion for a ruling on the record regarding damages, and both parties submitted briefs.  Petitioner's Motion for Ruling on Damages ("Pet. Mot."), filed Mar. 4, 2022 (ECF No. 233); Respondent's Response to Pet. Mot. ("Resp. Response"), filed May 26, 2022 (ECF No. 240); Pet. Reply to Resp. Response ("Pet. Reply"), filed June 9, 2022 (ECF No. 241).

Petitioner proposed a total award for past pain and suffering in the amount of $210,000.00, and future pain and suffering in the amount of $1,000.00 annually for Shawn's life expectancy, or until the statutory cap is met.  Pet. Mot. at 31, 34.  Petitioner requested full payment of Shawn's Medicaid lien, $1,665.50.  Id. at 1.  Respondent considered $66,500.00 to be an appropriate pain and suffering award.  Resp. Response at 1.  Regarding the Medicaid lien, Respondent asserted that the total amount of relevant charges to be reimbursed was $1,118.14.  Id.  Respondent reasoned that the remaining amount claimed by Petitioner included dates of service prior to the onset of Shawn's GBS or were unrelated to the treatment of Shawn's GBS, and therefore, should not be compensated.  Id. at 38-39.

On September 22, 2022, the undersigned held a telephonic hearing where she gave an oral ruling on damages.  Order dated Sept. 23, 2022 (ECF No. 248).  Based on consideration of the record as a whole, the undersigned found $160,000.00 represents a fair, reasonable, and appropriate amount of compensation for Petitioner's past pain and suffering; and for future pain and suffering, $500.00 per year for Petitioner's life expectancy, reduced to net present value.  Id. at 1.  Regarding the Medicaid lien amount, the undersigned found $1,296.02 to be the appropriate amount for reimbursement.  Id.

An official recording of the proceeding was taken by a court reporter and the undersigned fully adopts the transcript in this Decision.  See Transcript "(Tr.")," filed Oct. 7, 2022.

Following the oral ruling, the undersigned ordered the parties to file a joint status report converting the award of future pain and suffering to its net present value and to report on all other outstanding items of damages that remain unresolved, if any.  Order dated Sept. 23, 2022 (ECF No. 248).  A separate order was also issued to forward the ruling on the Medicaid lien to the Medicaid office.  Order dated Sept. 23, 2022 (ECF No. 249)

On October 27, 2022, the parties filed a joint status report in which they agreed that the net present value of Petitioner's future pain and suffering award is $16,493.68.  Joint Status Report, filed Oct. 27, 2022 (ECF No. 254).  Petitioner also confirmed the Court's Order containing the Medicaid lien information was provided to the Medicaid office.  Id.  Thereafter, Petitioner filed an updated Medicaid lien letter (dated November 11, 2022) reflecting an adjusted

lien amount of $1,296.02.  Pet. Exhibit ("Ex.") 78 at 2.[3]  On November 28, 2022, Respondent confirmed that $16,493.68 represents the net present value of the proposed award for future pain and suffering and requested a final damages decision.  Resp. Status Report, filed Nov. 28, 2022 (ECF No. 263).

This written Decision memorializes the undersigned's oral ruling and provides an abbreviated recitation for the basis of the Decision.  See Hebern v. United States, 54 Fed. Cl. 548 (2002) (formalizing a bench ruling).

## III.    DISCUSSION AND ANALYSIS

There is no formula for assigning a monetary value to a person's pain and suffering and emotional distress.  I.D. v. Sec'y of Health & Hum. Servs., No. 04-1593V, 2013 WL 2448125, at *9 (Fed. Cl. Spec. Mstr. May 14, 2013) ("Awards for emotional distress are inherently subjective and cannot be determined by using a mathematical formula."); Stansfield v. Sec'y of Health & Hum. Servs., No. 93-0172V, 1996 WL 300594, at *3 (Fed. Cl. Spec. Mstr. May 22, 1996) ("[T]he assessment of pain and suffering is inherently a subjective evaluation.").  Factors to be considered when determining an award for pain and suffering include: (i) awareness of the injury; (ii) severity of the injury; and (iii) duration of the suffering.  I.D., 2013 WL 2448125, at *9 (citing McAllister v. Sec'y of Health & Hum. Servs., No. 91-1037V, 1993 WL 777030, at *3 (Fed. Cl. Spec. Mstr. Mar. 26, 1993), vacated & remanded on other grounds, 70 F.3d 1240 (Fed. Cir. 1995)).

The undersigned may look to prior pain and suffering awards to aid in the resolution of the appropriate amount of compensation for pain and suffering in this case.  See, e.g., Doe 34 v. Sec'y of Health & Hum. Servs., 87 Fed. Cl. 758, 768 (2009) (finding that "there is nothing improper in the chief special master's decision to refer to damages for pain and suffering awarded in other cases as an aid in determining the proper amount of damages in this case").  The undersigned may also rely on her experience adjudicating similar claims.  Hodges v. Sec'y of Health & Hum. Servs., 9 F.3d 958, 961 (Fed. Cir. 1993) (noting that Congress contemplated the special masters would use their accumulated expertise in the field of vaccine injuries to judge the merits of individual claims).

As explained in the oral ruling, to assist in the determination of an appropriate award of damages in this case, the undersigned reviewed the parties' respective briefs, medical records, expert reports, and all relevant filings.[4]  Entries by physical therapists, occupational therapists, and physicians, most of whom are neurologists, were particularly helpful in the undersigned's ruling as they provided specific objective information about Shawn's condition.  Thus, the compensation awarded is based on the particular facts and circumstances in this case, with due consideration given to the circumstances and damages awarded in other cases cited by the parties and other relevant cases, as well as knowledge and experience adjudicating similar cases.

---

[3] This amount is consistent with the undersigned's ruling on the matter.

[4] The relevant facts are summarized in the parties' submissions and will not be repeated.  For a complete summary, see Tr.; Pet. Mot.; Resp. Response.

In considering the factors for determining an award of pain and suffering, the undersigned did not find awareness of suffering an issue here. With respect to the severity and duration factors, the undersigned explained in the oral ruling that Shawn has suffered from GBS and its residual sequela for well over six years. He experienced pain, weakness, and difficulty walking. He was hospitalized, underwent a lumbar puncture, received two rounds of IVIg, and has had extensive physical and occupational therapy. The undersigned found the sequela of Shawn's GBS to be permanent. Tr. 13-14 (citing Pet. Ex. 71 at 5 (Dr. Bodner opining Shawn's "lower extremity weakness and gait difficulty would persist for the duration of his life"); Pet. Ex. 73 at 5 (Dr. Ferrell finding nerve cell damage caused by Shawn's GBS to be non-regenerative); Pet. Ex. 57 at 6 (Dr. Kolychev noting Shawn's "continued pain + gait disorder" were attributable to his GBS)).

In addition, the undersigned considered prior pain and suffering awards in other flu vaccine and GBS cases. In Taylor and Robinson, the Petitioners were awarded $160,000.00 in past pain and suffering but were not awarded future pain and suffering. Taylor v. Sec'y of Health & Hum. Servs., No. 18-0100V, 2021 WL 1346059, at *7 (Fed. Cl. Spec. Mstr. Mar. 12, 2021); Robinson v. Sec'y of Health & Hum. Servs., No. 18-88V, 2020 WL 5820967, at *7 (Fed. Cl. Spec. Mstr. Aug. 27, 2020). Shawn and the Petitioners in Taylor and Robinson had similar acute presentations, but unlike Shawn, those Petitioners had rather short recoveries with few residual symptoms. Taylor, 2021 WL 1346059, at *5; Robinson, 2020 WL 5820967, at *6. Shawn's recovery was more like the Petitioner's recovery in Setaro. Both Shawn and the Petitioner in Setaro had outpatient physical therapy and neither returned to their prior level of functioning. Setaro v. Sec'y of Health & Hum. Servs., No. 19-0207V, 2021 WL 1440207, at *3 (Fed. Cl. Spec. Mstr. Mar. 16, 2021). There, the Petitioner was awarded $160,000.00 in past pain and suffering and $500.00 annually for residual symptoms and future pain and suffering. Id. at *5.

The official recording of the undersigned's oral ruling includes further discussion of the various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed the decision awarding damages herein. Tr. 14-16, 18-19 (citing Gruba v. Sec'y of Health & Hum. Servs., No. 19-1157V, 2021 WL 1925630 (Fed. Cl. Spec. Mstr. Apr. 13, 2021); Johnson v. Sec'y of Health & Hum. Servs., No. 16-1356V, 2018 WL 5024012 (Fed. Cl. Spec. Mstr. July 20, 2018); Presley v. Sec'y of Health & Hum. Servs., No. 17-1888V, 2020 WL 1898856 (Fed. Cl. Spec. Mstr. Mar. 23, 2020)).

Thus, based on consideration of the record as a whole, the undersigned finds $160,000.00 represents a fair, reasonable, and appropriate amount of compensation for Petitioner's past pain and suffering; and for future pain and suffering, $500.00 per year for Petitioner's life expectancy, reduced to net present value. See § 15(f)(4)(A) (requiring that future compensation awards be reduced to their net present value). In the oral ruling, the undersigned discussed the calculation of Shawn's life expectancy (approximately 50.1 years)[5] and the rate at which the future pain and

---

[5] This is based on specific data for non-Hispanic black males Shawn's age from data tables compiled by the National Center for Health Statistics. Elizabeth Arias & Jiaquan Xu, Nat'l Ctr. for Health Statistics, Ctrs. for Disease Control & Prevention, United States Life Tables, 2020, 71 Nat'l Vital Stat. Reps. 36 tbl.14 (2022).

suffering award would be discounted at if the parties did not agree on the net present value amount.  Tr. 19-20; see also Order dated Sept. 23, 2022, at 1 (ECF No. 248).  The parties subsequently agreed a lump sum of $16,493.68 represents the net present value of the award for Shawn's future pain and suffering.  Resp. Status Report, filed Nov. 28, 2022.

Regarding the Medicaid lien amount, the undersigned finds $1,296.02 to be the appropriate amount for reimbursement.  Upon review of the Medicaid lien letter and itemized claims (Pet. Ex. 76 at 3-4), as well as the corresponding medical records, the undersigned found there were some expenses itemized that should not be reimbursed as they do not relate to Shawn's GBS.  Tr. 20-21.  Following the oral ruling, the Medicaid lien amount was updated. Pet. Ex. 78 at 2.

## IV.   CONCLUSION

In light of all the above, the undersigned awards the following compensation:

(1) **A lump sum payment in the amount of $176,493.68, representing $160,000.00 for past/actual pain and suffering and $16,493.68 for future pain and suffering, in the form of a check payable to Petitioner, Tramella Hinton, as general guardian of Shawn'Quavious A'dres Hinton (Shawn).**

(2) **A lump sum payment in the amount of $1,296.02, representing compensation for satisfaction of the North Carolina Division of Health Benefits Medicaid lien for services rendered on behalf of Shawn, in the form of a check payable jointly to Petitioner and:**

> **Division of Health Benefits**
> **Office of the Controller**
> **2022 Mail Service Center**
> **Raleigh, NC 27699-2022**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

5