# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: February 13, 2026

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TRAMELLA HINTON, as general guardian of SHAWN'QUAVIOUS A'DREZ HINTON, | * * * * | UNPUBLISHED |
| Petitioner, | * * | No. 16-1140V |
| v. | * * | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Attorneys' Fees and Costs. |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Anne Carrion Toale</u>, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.
<u>Julia Marter Collison</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 14, 2016, Tramella Hinton ("Petitioner"), as the mother and natural guardian of Shawn'Quavious A'drez Hinton ("Shawn"), filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on December 21, 2015, Shawn suffered from the acute inflammatory demyelinating polyneuropathy ("AIDP") variant of Guillain-Barré Syndrome ("GBS"). Amended ("Am.") Petition at 1 (ECF No. 35). On May 29, 2018, the undersigned issued a ruling on entitlement, finding Petitioner entitled to

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

compensation.  Ruling on Entitlement dated May 29, 2018 (ECF No. 57).  On November 29, 2022, the undersigned issued a damages decision.  Decision Awarding Damages dated Nov. 29, 2022 (ECF No. 264).  Thereafter, Respondent filed a motion for review of the entitlement ruling, which was denied on May 15, 2023.  Opinion and Order dated May 15, 2023 (ECF No. 271).  Respondent filed a timely appeal with the Federal Circuit and the Federal Circuit affirmed the undersigned's Ruling on Entitlement.  Decision dated Mar. 11, 2025 (ECF No. 280).

On September 8, 2025, Petitioner filed a motion for attorney's fees and costs.  Petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs ("Pet. Mot."), filed Sept. 8, 2025 (ECF No. 283).  Petitioner requests compensation in the amount of $129,291.16, representing $108,486.96 in attorney's fees and costs to Petitioner's counsel of record, mctlaw, and $20,804.20 in attorneys' fees to Petitioner's prior counsel, Bruce Slane at Law Office of Bruce W. Slane, P.C.  Id. at 2, 4.  Petitioner warrants that she has not personally incurred any costs in pursuit of her claim for compensation.  Pet. Exhibit ("Ex.") 86.

Respondent filed his response on September 9, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Sept. 9, 2025, at 2 (ECF No. 284).  "Respondent note[d] that [P]etitioner's counsel requests attorneys' fees (approximately $3,897.50) associated with communication regarding [Petitioner's] settlement funding loan" and "[i]t is unclear how such loan is related" to this matter.  Id. at 1 n.1.  Petitioner filed a reply on September 9, 2025, maintaining her request for fees and costs.  Pet. Reply to Resp. Response, filed Sept. 9, 2025 (ECF No. 286).  Petitioner also explains how attorney's fees related to counsel's involvement with Petitioner's settlement funding loans is compensable.  Id. at 2.  "Due to the lengthy appellate process initiated by Respondent, Petitioner obtained two sequential settlement funding loans against the litigation proceeds," which "required review and execution by [Petitioner's] counsel, to guarantee repayment of the loans from the compensation award, before disbursement to Petitioner."  Id.  Additionally, Petitioner's counsel asserts she "had to ensure that the probate court approved the loans, since a minor child, (already in a guardianship before the instant case was filed), was involved."  Id.  Petitioner's counsel agrees "these actions are not typical for a vaccine case," but asserts they were "necessary and reasonably undertaken by counsel in this case, given Petitioner's right to control the litigation and the entitlement award proceeds, and her inability to obtain the loans, absent counsel's involvement."  Id.

The matter is now ripe for disposition.  For the reasons discussed below, the undersigned **GRANTS IN PART**[3] Petitioner's motion and awards a total of **$128,875.08**.

---

[3] Petitioner had until July 1, 2025 to file her motion for attorneys' fees and costs.  See ECF Nos. 278, 281.  Petitioner's motion for attorneys' fees and costs was not filed until September 8, 2025, 69 days later.  Petitioner failed to file a motion for extension of time or provide compelling circumstances for the delay.  Because Respondent does not assert any objections related to the untimeliness of Petitioner's motion, the undersigned will award fees and costs.  However, in the future, the undersigned cautions that the applicable rule provides for a denial or reduction of fees in this context.  See Vaccine Rule 13(a)(2) ("Absent compelling circumstances, an untimely request for attorney's fees and costs may result in the denial, or reduction in amount, of an attorney's fees and costs award.").

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, because Petitioner was awarded compensation, she is entitled to a final award of reasonable attorneys' fees and costs.

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

###### i.      Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel at mctlaw: for Ms. Anne Toale, $570.00 per hour for work performed in 2024 and $615.00 per hour for work performed in 2025; for Mr. Benjamin Christian, $345.00 per hour for work performed in 2023 and $385.00 per hour for work performed in 2024; and for Ms. Jennifer Maglio, $492.00 per hour for work performed in 2023, $525.00 per hour for work performed in 2024, and $572.00 per hour for work performed in 2025.  Petitioner also requests rates between $180.00 and $205.00 per hour for work of her counsel's paralegals from 2023 to 2025.

Petitioner also requests the following hourly rates for the work of her previous counsel at Law Office of Bruce W. Slane, P.C.: for Mr. Bruce Slane, $400.00 per hour for work performed in 2022 and $425.00 per hour for work performed in 2023; for Mr. Christian Martinez, $265.00 per hour for work performed in 2022; and for Mr. Jeremy Barberi, $375.00 per hour for work performed in 2023.  Petitioner also requests rates between $150.00 and $182.00 per hour for work performed by law clerks and paralegals in 2022 and 2023.

The undersigned finds the rates are largely consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

###### ii.      Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009).  Petitioner bears the burden of documenting the fees and costs claimed.  Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries from mctlaw and finds the total number of hours billed to be reasonable and will award them in full.

The undersigned has also reviewed the submitted billing entries for work performed by Petitioner's prior counsel at Law Office of Bruce W. Slane, P.C. and finds a small reduction necessary.

As the undersigned previously noted in the interim attorneys' fees and costs decision issued in this matter in 2022, many of the entries for communication (telephone calls, emails, and letters), do not contain enough specificity for the undersigned to determine their reasonableness.

In the interim attorneys' fees and costs decision, the undersigned also noted various entries for preparing documents for filing and filing documents, which are non-compensable

tasks.  Because these were not new issues to Mr. Slane, the undersigned reduced his attorneys' fees by 5%.

Here, there is only one entry for preparing documents for filing and no entries for filing. See Pet. Ex. 81 at 6.  As such, the undersigned will only reduce counsel's fees by 2% for the lack of specificity in the majority of counsel's billing entries.  This results in a reduction of **$416.08**.[4]

### B.    Attorneys' Costs

Petitioner requests a total of $4,365.46 in attorney's costs for mctlaw.  This amount is comprised of travel for the oral argument, shipping costs, and legal research costs.  The undersigned has reviewed the requested costs and finds them to be largely reasonable[5] and supported with appropriate documentation.  The undersigned will award costs in full.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

**mctlaw**:

| | |
|---|---|
| Requested Attorneys' Fees: | $104,121.50 |
| Reduction of Attorneys' Fees: | - $0.00 |
| Awarded Attorneys' Fees: | $104,121.50 |
| | |
| Requested Attorneys' Costs: | $4,365.46 |
| Reduction of Attorneys' Costs: | - $0.00 |
| Awarded Attorneys' Costs: | $4,365.46 |
| | |
| **Total mctlaw Fees and Costs:** | **$108,486.96** |

**Law Office of Bruce W. Slane, P.C.**:

| | |
|---|---|
| Requested Attorneys' Fees: | $20,804.20 |
| Reduction of Attorneys' Fees: | - $416.08 |
| Awarded Attorneys' Fees: | $20,388.12 |
| | |
| **Total Law Office of Bruce W. Slane, P.C. Fees:** | **$20,388.12** |

**Petitioner is awarded attorneys' fees and costs in the total amount of $108,486.96 to be paid through an ACH deposit to Petitioner's current counsel's (mctlaw) IOLTA account for prompt disbursement.**

---

[4] $20,804.20 x 0.02 = $416.084.  The undersigned will round down.

[5] As food receipts relating to counsel's visit to DC were not provided, it is impossible to discern whether these costs are reasonable.  The undersigned will award these costs but warns counsel that proper receipts are required in the future.

**Petitioner is awarded attorneys' fees in the total amount of $20,388.12 to be paid through an ACH deposit to Petitioner's former counsel's (Law Office of Bruce W. Slane, P.C.) IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.